**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAMES DURANT,

Plaintiff,

v. CASE NO.:

RUSSELL MARINE LLC,

Defendant.

_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JAMES DURANT, (hereinafter "Plaintiff" or "Mr. Durant"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, RUSSELL MARINE LLC (hereinafter "Defendant," "Russell Marine," or "Company") and alleges:

**INTRODUCTION**

1. The Plaintiff brings this action against Defendant, his former employer, seeking to recover damages for unlawful discrimination based on race in violation of 42 U.S. Code § 1981, Equal rights under the law, and for retaliation in violation of § 440.205, Florida Statutes.

2. As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against him and altered the terms, conditions, and privileges of his employment because of his race, including by subjecting him to a racially hostile work environment and ultimately terminating his employment, in violation of his rights under 42 U.S. Code § 1981. Plaintiff further alleges that Defendant unlawfully retaliated against him for pursuing a workers' compensation claim following his workplace injury, in violation of § 440.205, Florida Statutes.

3. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, he has suffered and continues to suffer the loss of his professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's

state law claims pursuant to 28 U.S.C. § 1367(a) and the principles of pendent jurisdiction.

6. This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division. All facts and circumstances arising from this dispute took place in Hillsborough County, Florida, where Defendant maintains its principal place of business and where Plaintiff was employed.

## PARTIES

8. Plaintiff is a 56-year-old Black/African American male who resides in Hillsborough County, Florida.

9. Plaintiff is a member of a class protected against discrimination based on his race under 42 U.S. Code § 1981 and Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended.

10. During the period from December 12, 2024, until February 25, 2026, Defendant employed Plaintiff as a Concrete Foreman.

11. At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable state and federal statutes.

12. The Defendant, RUSSELL MARINE LLC, is a Limited Liability Company with its principal place of business located at 1101 Channelside Drive, Tampa, Florida 33602.

13. At all times material herein, Defendant, RUSSELL MARINE LLC, regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida, from its location at 1101 Channelside Drive, Tampa, Florida 33602, where it employed Plaintiff.

14. At all times material herein, Defendant employed fifteen (15) or more employees and met, and continues to meet, the definitions of "employer" under all applicable state and federal statutes including, but not limited to, 42 U.S. Code § 1981.

15. Accordingly, Defendant, RUSSELL MARINE LLC, is liable under 42 U.S. Code § 1981 and § 440.205, Florida Statutes, for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

16. Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

17. On April 8, 2026, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant, alleging, among other things, race discrimination and retaliation (EEOC Charge No. 511-2026-02785).

18. Plaintiff's claims under 42 U.S. Code § 1981 and § 440.205, Florida Statutes, are not subject to any administrative exhaustion requirement.

19. All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

21. On December 12, 2024, Plaintiff James Durant began working for Defendant as a Concrete Foreman, earning $33.00 per hour with overtime pay.

22. Plaintiff's job duties included serving as lead man, pile driver, placing steel in place, setting forms, operating machinery and equipment, and cleaning the job site.

23. Throughout his employment, Plaintiff reported directly to his supervisor, who was known to everyone on the job site as "Kilo."

24. At all relevant times, Plaintiff was able to perform the essential functions of his job duties and responsibilities, and he performed his job at satisfactory levels until he was injured on the job.

25. Plaintiff was one of only two Black/African American workers on a crew of approximately thirty employees, the remainder of whom were Hispanic and white.

26. Throughout his employment, Plaintiff was subjected to a hostile work environment based on his race. Plaintiff was harassed and pushed to do the job more quickly while being forced to work by himself.

27. Most significantly, Plaintiff was made to work alone over water without proper safety protection, creating dangerous working conditions. Plaintiff took photographs documenting these unsafe working conditions and the fact that he was required to work alone in hazardous situations.

28. Kilo also assigned Plaintiff tasks outside of his trade, directing Plaintiff, a concrete finisher, to perform carpentry work he was not trained to perform, in order to set Plaintiff up to fail and to humiliate him in front of coworkers.

29. On or about January 29, 2026, Plaintiff complained to management, including the project manager, by text message about the discriminatory treatment and the unsafe conditions to which he was being subjected. No corrective action was taken.

30. After Plaintiff reported this treatment, he was separated from the rest of the crew and required to work by himself, apart from his coworkers.

31. On February 7, 2026, Plaintiff suffered a workplace injury that required medical treatment at South Tampa Hospital, where he was prescribed Oxycodone for back pain. Following his injury, Plaintiff's treating physician imposed work restrictions.

32. On that same date, February 7, 2026, Plaintiff's supervisor Kilo made a racially offensive comment, calling Plaintiff "out of my race," including by using the Spanish term "moyo," a derogatory reference to a Black man. This racial slur was directed at Plaintiff because he is

Black/African American. Plaintiff has text messages documenting his complaints to his supervisor about this discriminatory treatment.

33. Following his workplace injury, Plaintiff retained workers' compensation attorney John Sharpton to represent him regarding his workplace injury claim.

34. When Plaintiff's attorney informed Russell Marine about the doctor-imposed work restrictions related to his workplace injury, Defendant immediately retaliated against Plaintiff.

35. On February 25, 2026, Russell Marine terminated Plaintiff's employment. Plaintiff was told in person that "my service was no longer needed," with no other specific reason provided for his termination.

36. The timing of Plaintiff's termination, occurring immediately after his attorney informed the Company about his work restrictions, demonstrates that Russell Marine terminated Plaintiff in retaliation for his workplace injury and his pursuit of a workers' compensation claim, and because of his race.

37. Defendant treated similarly situated non-Black employees more favorably than Plaintiff. Unlike Plaintiff, non-Black coworkers were not forced to work alone over water without proper safety protection, were not

assigned tasks outside their trade in order to be set up to fail, and were not subjected to racial slurs.

38. Defendant's stated reason for Plaintiff's termination was false and pretextual and was not the real reason for its decision.

39. As a direct result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered significant damages, including lost wages and benefits, and severe emotional distress, including depression, anxiety, loss of sleep, paranoia, high blood pressure, panic attacks, mental breakdowns, and sleepless nights.

40. As a further result of Defendant's conduct, Plaintiff has suffered damage to his professional reputation and is currently unemployed.

**COUNT I**
**VIOLATION OF 42 U.S. CODE § 1981**
**Race Discrimination**

41. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. 42 U.S. Code § 1981, Equal rights under the law, makes it unlawful to discriminate against any individual in the terms, conditions, or

privileges of employment based on that person's race.

43. Plaintiff is a Black/African American male and a member of a protected class protected by 42 U.S. Code § 1981 from discrimination based on his race.

44. At all times material herein, Defendant was and is an "employer" within the meaning of 42 U.S. Code § 1981.

45. The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful discrimination based on Plaintiff's race.

46. As his employer, Defendant was obligated to guard against the discrimination of Plaintiff by his co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from discrimination in the workplace.

47. Defendant violated 42 U.S. Code § 1981 by, among other things:

a. Allowing a supervisor to use a racial slur, including calling Plaintiff "out of my race";

b. Requiring Plaintiff to work alone over water without proper safety protection under dangerous conditions not

imposed on similarly situated non-Black employees;

c. Assigning Plaintiff tasks outside of his trade in order to set him up to fail and to humiliate him;

d. Treating Plaintiff less favorably than similarly situated non-Black employees in the terms, conditions, and privileges of his employment;

e. Terminating Plaintiff's employment; and

f. Failing to take prompt and effective remedial action when made aware of the discriminatory conduct.

48. Plaintiff, by being subjected to this discrimination by Defendant, was unreasonably and negatively affected in the terms, conditions, and privileges of his employment with Defendant.

49. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived him of statutory rights under 42 U.S. Code § 1981.

50. Plaintiff can establish that he suffered damages because of unlawful discrimination in violation of 42 U.S. Code § 1981.

51. Defendant fostered, condoned, accepted, ratified, and/or otherwise failed to prevent or remedy discriminatory conduct due to race.

52. Defendant is liable for the discrimination alleged herein. These actions all adversely affected the terms and conditions of Plaintiff's employment in violation of 42 U.S. Code § 1981.

53. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following:

a. Lost wages and benefits;

b. Lost earning capacity;

c. Emotional distress damages;

d. Pain and suffering, mental anguish, loss of dignity, and loss of the capacity for the enjoyment of life;

e. Damage to his professional reputation; and

f. Other economic losses proximately caused and allowable under 42 U.S. Code § 1981.

54. Defendant's unlawful discriminatory actions constitute reckless, malicious, willful, and wanton violations of 42 U.S. Code § 1981 for which Plaintiff is entitled to an award of punitive damages.

**WHEREFORE**, the Plaintiff, JAMES DURANT, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, RUSSELL MARINE LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated 42 U.S. Code § 1981 by discriminating against Plaintiff based on his race;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's discrimination against him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and related benefits;

C. Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, including emotional distress damages;

D. Award punitive damages to Plaintiff because of Defendant's reckless, malicious, willful, wanton, and unlawful

discriminatory actions in violation of 42 U.S. Code § 1981;

E. Award Plaintiff all other damages available under federal and state law, including, but not limited to, the damages set forth above and other economic losses proximately caused;

F. Award Plaintiff pre- and post-judgment interest;

G. Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

H. Grant such other and further relief as this Court may deem just and proper.

## COUNT II
## VIOLATION OF 42 U.S. CODE § 1981
## Hostile Work Environment

55. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

56. Plaintiff is a Black/African American male and a member of a protected class protected by 42 U.S. Code § 1981.

57. At all times material herein, Defendant was and is an "employer" within the meaning of 42 U.S. Code § 1981.

58. Plaintiff was subjected to unwelcome harassment based on his race.

59. The harassment included, but was not limited to, Plaintiff's supervisor using a racial slur and referring to Plaintiff "out of my race," including by using the Spanish term "moyo," a derogatory reference to a Black man; requiring Plaintiff to work alone over water without proper safety protection under dangerous conditions not imposed on non-Black employees; assigning Plaintiff tasks outside of his trade in order to humiliate him; pushing Plaintiff to work more quickly; and separating Plaintiff from his coworkers and forcing him to work by himself after he complained.

60. This harassment was severe and pervasive, altered the terms and conditions of Plaintiff's employment, and created an abusive working environment.

61. The harassment was unwelcome, and Plaintiff did not directly or indirectly invite or solicit it by his own acts or statements.

62. Defendant knew or should have known of the harassment and failed to take prompt and effective remedial action.

63. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise

reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the hostile work environment, deprived Plaintiff of statutory rights under 42 U.S. Code § 1981.

64. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following:

a. Lost wages and benefits;

b. Lost earning capacity;

c. Emotional distress damages;

d. Pain and suffering, mental anguish, loss of dignity, and loss of the capacity for the enjoyment of life;

e. Damage to his professional reputation; and

f. Other economic losses proximately caused and allowable under 42 U.S. Code § 1981.

75. Defendant's unlawful conduct constitutes reckless, malicious, willful, and wanton violations of 42 U.S. Code § 1981 for which Plaintiff is entitled to an award of punitive damages.

**WHEREFORE**, the Plaintiff, JAMES DURANT, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant,

RUSSELL MARINE LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated 42 U.S. Code § 1981 by subjecting Plaintiff to a hostile work environment based on his race;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the hostile work environment to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and related benefits;

C. Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by the hostile work environment, including emotional distress damages;

D. Award punitive damages to Plaintiff because of Defendant's reckless, malicious, willful, wanton, and unlawful conduct in violation of 42 U.S. Code § 1981;

E. Award Plaintiff all other damages available under federal and state law, including, but not limited to, the damages set forth above and other economic losses proximately caused;

F. Award Plaintiff pre- and post-judgment interest;

G. Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

H. Grant such other and further relief as this Court may deem just and proper.

**COUNT V**
**WORKERS' COMPENSATION RETALIATION**
**§ 440.205, Florida Statutes**

76. Plaintiff re-alleges and re-adopts Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

77. Plaintiff brings an action under the Workers' Compensation Law, § 440.205, Florida Statutes, for unlawful retaliation.

78. Section 440.205, Florida Statutes, provides that no employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

79. On February 7, 2026, Plaintiff suffered a workplace injury and was treated at South Tampa Hospital, where he was prescribed Oxycodone for back pain, and his treating physician imposed work restrictions.

80. Plaintiff pursued and attempted to claim workers' compensation benefits for his workplace injury and retained workers' compensation attorney John Sharpton to represent him regarding his claim.

81. When Plaintiff's attorney informed Russell Marine of the doctor-imposed work restrictions related to Plaintiff's workplace injury, Defendant, shortly thereafter, on February 25, 2026, terminated Plaintiff's employment, telling Plaintiff only that "my service was no longer needed," without providing any legitimate business reason for the termination.

82. Plaintiff's termination was a retaliatory action taken by Defendant against Plaintiff for pursuing and attempting to claim workers' compensation benefits, in violation of § 440.205, Florida Statutes.

83. As a direct, proximate, and foreseeable result of Defendant's termination of Plaintiff, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, and other tangible and intangible

damages. These damages have occurred in the past and are permanent and continuing.

**WHEREFORE**, Plaintiff, JAMES DURANT, respectfully demands judgment against Defendant, RUSSELL MARINE LLC, and requests this Honorable Court enter an Order making him whole by awarding the following relief:

A. Compensation for lost wages, benefits, and other remuneration;

B. Front pay;

C. Compensatory damages, including emotional distress, allowable at law;

D. Prejudgment interest on all monetary recovery obtained;

E. Damages for all employment benefits he would have received but for the retaliatory acts and practices of Defendant;

F. Reasonable attorney's fees and costs incurred in this action; and

G. For such further relief as the Court deems just and equitable.

**DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury.

Date this 8th day of September, 2026.

*/s/ Jason W. Imler, Esq.*

Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com
Attorneys for Plaintiff